Daniels, J.
The plaintiff was engaged in the business of Japanese wares, fans, screens, scrolls, etc., in the building known as 456 Broadway. In the morning of the 22d of July, 1885, his premises had been flooded with water and his goods thereby damaged and injured. This water apparently proceeded from the second floor, which was over the store. In that apartment a pump was found very much out of repair, from which the water had probably flowed into the room and through the ceiling into the plaintiff’s store. The evidence tended to prove the fact to be that the core of the screw securing the stop-cock was entirely out of order and worn out, and that in consequence of its defective condition the water had escaped and produced this injury.
Before its occurrence the defendant’s agent had employed- a person to make repairs to it, but they were not such as to prevent the discharge of the water. The plaintiff was the owner of the property and leased the second floor to a tenant in the early part of July, 1885, and it was highly probable that the pump was in this defective condition at and before the time when such leasing took place. It was apparently the effect of the wear, and the facts were such that the jury could very well have found that the defendant and her managing agent knew of the condition of the pump before the lease to the witness Israel. And if she did, then under the authorities her failure to repair or secure it so that it would surely hold the water was a fact upon which the plaintiff had the right to claim that she should be held hable for the loss and injury sustained in this manner by the wetting of his goods. Stapenhorst v. Amercan Manf. Co., 15 Abb. [N. S.], 355; Swords v. Edgar, 59 N. Y., 28; Clancy v. Byrne, 56 id., 129. And the principle was as far as this sustained in Edwards v. N. Y. and Harlem R. R. Co. (98 N. Y., 245, 249).
It appeared that the water could be shut off in the basement, and that the plaintiff had the ability of protecting himself from the risk of an overflow in that manner.
And he attempted to do that on the evening preceding this occurrence, but did not use the appropriate apparatus for that purpose. And on account of that failure the court considered him to be chargeable with contributory negligence, and therefore unentitled to maintain the action. But in answer to this, when the intimation was made by the court, he proposed to prove that he had been instructed *288 by the plaintiff’s agent how to turn off the water and turned it off every night at that place. This proof was rejected, and the court thereupon dismissed the complaint.
If this evidence had been given the case would have been in a condition to submit to the jury. And as the objection to its admission was first presented upon the closing of the defendant’s proofs, it should not have been rejected, as it was, by the court.
To sustain the dismissal of the complaint it has been further urged that there was no evidence on the trial that the water passed into the store from this upper apartment, but the fact that it did so seems to have been, as it well might be, assumed in the examination of the witnesses. But if it was not, the objection should have been taken upon the trial, when it could have been removed by testimony directed to that particular subject. It was not so taken, and it cannot be urged for the first time upon an appeal to sustain the dismissal, but the judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.